ALBERT WINGROVE AND W. J. JENNINGS v.
KATIE HAINES.

No. 276.

GARNISHMENT—*Chattel Mortgage—Excess Value of Goods.* In a proceeding in garnishment by a judgment creditor against a mortgagee of personal property of the debtor, any excess of goods in the mortgagee's possession over an amount adequate to secure the debt covered by the mortgage and expenses incident thereto may be required by the judgment of the court to be applied to the payment of the judgment.

Error from Clay district court; R. B. SPILMAN, judge. Opinion filed June 20, 1898. Affirmed.

*C. C. Coleman*, and *F. B. Dawes*, for plaintiffs in error.
*Stambaugh & Hurd*, and *F. L. Williams*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : The defendant in error proceeded under the garnishment law to obtain satisfaction of a judgment she had recovered against one Jennings from the plaintiff in error Wingrove, as garnishee. Wingrove denied any liability as garnishee, alleging, however, that he had a mortgage from Jennings upon a certain stock of drugs, wines, liquors, etc., which Jennings had mortgaged to him to secure the sum of $907.75 ; that Jennings had delivered the possession of this stock to him voluntarily, and that since the garnishee summons was served upon him the property had been attached by a creditor of Jennings. There was a general finding for the plaintiff against the garnishee, Wingrove, and a judgment that Wingrove surrender to the sheriff of Clay county sufficient of the goods to satisfy the plaintiff's judgment in the sum of $502 and the costs of the garnishment

proceeding; and that, in the event that Wingrove failed or refused to deliver the goods, the plaintiff recover from him the amount of the judgment. It appears by the evidence and the admissions of the plaintiffs in error that the stock of goods was worth $4000.

The specifications of error are, (1) that the court erred in holding the chattel mortgage to be void; (2) in not rendering judgment for the garnishee; (3) in holding that the garnishee was liable to the plaintiff for the amount of her judgment against Jennings.

Defendant in error moves for the dismissal of the petition in error on the ground that other garnishees in the case are not made parties defendant. There is nothing in the record that discloses the necessity of the presence of any other garnishee to enable this court to review the judgment complained of. It appears that the plaintiff in error had possession of the entire stock; that neither of the other garnishees in the case had claimed any possession of these goods, although a similar mortgage was delivered to each of them by Jennings. If there was any liability upon the part of the other garnishees, it was not a joint liability with Wingrove, but a several liability, and while it does appear that an affidavit was filed, and a garnishee summons issued against them, there were no further proceedings.

Plaintiff's brief is largely devoted to the question whether the court was justified in holding that the mortgage was void under the prohibitory liquor law. It does not appear from the record that the court necessarily so held, or that it was necessary for the court to so hold. The value of the goods claimed by the plaintiff in error, as mortgagee of Jennings, being so

much in excess of the debt — about four times the amount thereof, according to his own oath and admissions — was sufficient from which the court might have found the mortgage to be void. It may be reasonably said that the court was justified in finding that there was an excess of goods in the hands of the mortgagee over and above a reasonable security for his claim sufficient in value to satisfy the plaintiff's judgment of $502. So the judgment may well be sustained upon the evidence and pleadings without the necessity of holding the mortgage to be void by reason of its violation of the prohibitory liquor law. Hence it was not necessary to discuss or decide the question whether or not the mortgage was void.

The judgment is affirmed.